# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CR. NO. 2:10-cr-148 |
| ) | |
| BRIAN ONEAL GUICE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Brian Guice was charged in a five-count indictment based on events related to two separate traffic stops on September 9, 2009 (Counts 1 - 3) and February 24, 2010 (Counts 4 and 5).  Defendant filed a motion to suppress the evidence obtained from both stops asserting that the September 2009 search of his vehicle violated the Fourth Amendment, that the police lacked probable cause to search his vehicle in February 2010, and that any statements he made while in custody on either occasion should be suppressed since they were derived from illegal searches.  Doc. 19.  On November 3, 2010, after conducting an evidentiary hearing, Magistrate Judge Terry Moorer entered his report and recommendation that this court deny Defendant's Motion.  Doc. 46.  Defendant timely objected on November 14, 2010, and raised four specific objections – one pertains to the September 9, 2009 traffic stop and the other three relate to the February 24, 2010

stop.  Doc. 49.

After careful consideration of the record in this case, the magistrate judge's report and recommendation and the objections thereto, the court overrules Defendant's motion to suppress as it relates to the 2010 stop and hereby ADOPTS and ACCEPTS the report of the magistrate judge.  Accordingly, the motion to suppress the items seized from Defendant or his vehicle and any of his statements is DENIED.

As to the 2009 stop, the court has reviewed Defendant's objections and the case law and agrees with Defendant that the alternate ground Magistrate Moorer relied on to justify the stop, i.e. the officer's knowledge of Defendant's lack of a driver's license, is too remote to provide a reasonable basis for the stop.[1]  The officer admitted that his knowledge was based on his dealings with Defendant "at least 5 years ago when [he] was on patrol."  Doc. 49 at 4.  A lot can happen in five years and, indeed, the officer testified that Defendant could have obtained a driver's license in the interim.  *Id.*  The court agrees with Defendant that knowledge based on five-year-old information is too remote to justify the stop or

---

[1] The court agrees with Magistrate Moorer's finding that the police officer "was mistaken as to the law when he stopped Guice simply because Guice backed through the intersection" and that "[w]ithout more, the stop violates the Fourth Amendment and exclusion is appropriate under *Chanthasouxat.*"  Doc. 46 at 8.  Accordingly, the court overrules the Government's objections on this issue.  Doc. 58 at 1-3.

the resulting search of his vehicle. *See, e.g., United States v. Harris,* 20 F.3d 445, 450 (11th Cir. 1994) ("For probable cause to exist, however, the information supporting of the government's application for a search warrant must be timely . . .") (citations omitted). Accordingly, the court GRANTS Defendant's motion to suppress the items seized during the 2009 search and any statements he made in the course of or as a result of the 2009 stop.

Done and ordered the 13th day of January, 2011.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE